**Sam L. CARTER, Plaintiff–Appellant,**

v.

**CITY OF MEMPHIS, TENNESSEE, Defendant–Appellee.**

**No. 79–1056.**

United States Court of Appeals, Sixth Circuit.

Argued Aug. 20, 1980.

Decided Dec. 29, 1980.

Raymon Sauer, Memphis, Tenn., for plaintiff–appellant.

Heiskell Weatherford, Russell, Price, Weatherford & Warlick, Jim Russell, Memphis, Tenn., for defendant–appellee.

Before JONES, Circuit Judge, CELEBREZZE, Senior Circuit Judge, and JOINER, District Judge.*

PER CURIAM.

This case illustrates the dilemma confronting a district court when a plaintiff fails to comply with a court's pre–trial orders. The court is faced with a Hobson's choice: either it penalizes the plaintiff for the neglect or incompetence of his counsel, or it must overlook the non–compliance thereby rendering its order a nullity. Sam L. Carter appeals the dismissal of his civil rights action because his attorney failed to comply with the district court's order. Carter contends that the district court dismissal was an abuse of discretion. For the reasons set forth below, we reverse the judgment of the district court and remand the case for appropriate pre–trial proceedings.

I.

On September 14, 1977, Carter filed his complaint alleging that the City of Memphis had not hired him as a painter because of his race. The complaint alleged jurisdiction under 28 U.S.C. § 1331 and stated a claim directly under the Fourteenth Amendment. On October 15, 1976, Carter received a right–to–sue letter from the EEOC, which found reasonable cause to believe the charge of discrimination was true.

The district court entered an order on May 5, 1978, denying defendant's motion to dismiss for lack of subject matter jurisdiction. On May 28, 1978, defendant filed its answer and affirmative defenses.

An order of the district court was entered on July 28, 1978, which directed the parties to:

1) file their proposed pre–trial orders and briefs no later than November 29, 1978;

2) prepare for trial on December 20, 1978;

3) appear for a pre–trial conference on December 6, 1978;

4) complete all discovery before the pre–trial conference; and

5) discuss settlement.

The order stated that the parties' proposed pre–trial orders and briefs should discuss jurisdiction, pending motions, damages, stipulations of facts and admissibility of exhibits, contested issues of fact and law, exhibits, and witness lists. The order warned the parties that failure to appear at the pre–trial conference or to comply with the order could result in dismissal.

Neither party filed the proposed pre–trial orders by November 29, 1978. On December 1, 1978, defendant filed a memorandum on its statute of limitations defense. On December 5, 1978, Carter filed a motion to amend his complaint to state a Title VII claim. The next day the pre–trial conference was held. Defendant filed that day a motion to dismiss on the ground of statute of limitations and also filed a two–page proposed pre–trial order. On the same day Carter filed a supplemental brief which addressed the statute of limitations, the statement of the claim, the standard of proof and damages. Neither party had undertaken any discovery.

On December 7, 1978, the district court dismissed the action with prejudice because of Carter's noncompliance with its July 28, 1978 order. The order of dismissal stated:

Counsel for the plaintiff brought to the pre–trial conference the original of a document called a Supplemental Brief, most of which is totally irrelevant to the issues in the lawsuit.

The court inquired at the commencement of the conference whether any discovery had been obtained, to which counsel for the plaintiff replied that they had been trying to resolve the question of law. Not only have the attorneys not met prior

* Charles W. Joiner, District Judge, United States District Court for the Eastern District of Michi-

gan, sitting by designation.

to the conference, but also the attorney for the plaintiff has not even attempted to prepare a Pre–trial Order or Proposed Pre–trial Order.

This court is of the opinion that a dismissal with prejudice is warranted in the total circumstances.

App. 33.

## II.

■ The sole issue on appeal is whether the district court abused its discretion in dismissing the action.[1] It is clear that the district court does have the power under Rule 41(b), Fed.R.Civ.P., to enter a *sua sponte* order of dismissal. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962).

The dismissal of an action for an attorney's failure to comply is a harsh sanction which the court should order only in extreme situations showing "a clear record of delay or contumacious conduct by the plaintiff." *Silas v. Sears, Roebuck & Co., Inc.*, 586 F.2d 382, 385 (5th Cir. 1978). See *Edsall v. Penn Central Transp. Co.*, 479 F.2d 33 (6th Cir. 1973) (per curiam). Absent this showing, an order of dismissal is an abuse of discretion; the court is limited to lesser sanctions designed to achieve compliance, 586 F.2d at 385. The sanction of dismissal is appropriate only if the attorney's dilatory actions amounted to failure to prosecute and no alternative sanction would protect the integrity of pre–trial procedures. *J. F. Edwards Const. Co. v. Anderson Safeway Guard Rail Corp.*, 542 F.2d 1318 (7th Cir. 1976) (per curiam). As the Seventh Circuit has stated, "the key is a failure to prosecute, whether styled as a failure to appear at a pre–trial conference, failure to file a pre–trial statement, failure to prepare for conference, or failure to comply with the pre–trial order." *Id.* at 1323. Dismissal is usually inappropriate where the neglect is solely the fault of the attorney.

■ Strict compliance with orders of a district court is an important duty of coun-sel. The attorney's efforts here were wholly insufficient. He failed to engage in discovery, to discuss settlement, and to file appropriate pre–trial orders in a timely fashion as ordered by the court. He did not move for a continuance. His disregard for the schedule established by the court could only have left him unprepared for trial. He did not file a Rule 60(b)(1) motion for post–judgment relief on the grounds of excusable neglect.

Notwithstanding plaintiff's attorney's conduct, in our view, the district court abused its discretion in dismissing the complaint. The plaintiff is blameless. Plaintiff's attorney did file some papers indicating his prosecution of the case and his view of the case. There is no finding or evidence that defendant was prejudiced by plaintiff's dereliction or that the plaintiff could not make the case ready for trial on December 20. Defendant did not move for dismissal on the ground of plaintiff's noncompliance with the pre–trial order. Both attorneys seem equally dilatory.

Accordingly, the judgment of the district court is REVERSED and the case REMANDED to permit plaintiff a short and reasonable period within which to comply with the district court's orders.

JOINER, District Judge, dissenting.

We are asked in this appeal to determine whether the District Judge's dismissal of this case with prejudice constituted an abuse of discretion. Believing this case to be controlled by *Link v. Wabash R. Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962), I respectfully dissent from the order of reversal.

In *Link*, the Supreme Court sustained the trial court's dismissal of a case for lack of prosecution, holding that under the circumstances of the case, the Judge's conduct did not amount to an abuse of discretion. The circumstances in *Link* bear a sufficient similarity to the circumstances in this case to

---

1. Defendant argues that the dismissal should be affirmed on the ground of lack of subject matter jurisdiction. The district court correctly concluded that it had subject matter jurisdiction under 28 USC § 1331.

persuade me that the dismissal of this case was done in a proper exercise of the lower court's discretion.

The circumstances in *Link* which prompted the trial court to dismiss the case were plaintiff's attorney's failure to attend the pretrial conference without an adequate excuse, a request for and another consent to the adjournment of the trial date, failure to answer the defendant's interrogatories, and a further request for an extension of time in which to answer another set of interrogatories. Under the total circumstances of the case, the court deemed dismissal to be a proper sanction against the plaintiff. The Supreme Court affirmed, and noted additionally that, although the plaintiff himself was not at fault, he could not be allowed to avoid the consequences of the acts of omissions of his freely selected counsel.

In the case before us today, plaintiff's attorney appeared at the pretrial conference, but had not submitted his proposed pretrial order at any time prior to the conference. Additionally he failed to conduct any discovery in the case, and trial of the case was scheduled only two weeks after the date of the pretrial conference. Indeed, the docket entries in this case reflect absolutely no activity by plaintiff in this case from May 5, 1978, the date on which the court denied defendant's motion to dismiss the case, to December 5, 1978, the day before the pretrial conference. The order setting forth the scheduled dates in the case and the obligations of the parties was sent out on July 28, 1978.

By his failure to actively and responsibly prosecute this case, plaintiff's counsel risked the extreme sanction of dismissal. Indeed, he was warned of the possibility of this sanction in the July order. Yet he did nothing to cause the orderly progress of this case to trial. Moreover, his failure to file a pretrial order is as dilatory as the plaintiff's attorney's failure to appear for the pretrial conference in *Link*. It is essential to bear in mind the purpose of holding a pretrial conference. Physical presence means nothing, if the attorneys are not prepared to assist the court in, e. g., defining the issues

for trial, determining the likely length of trial based on the number of witnesses to be called, depositions entered, etc., and to streamline the trial itself by indicating the extent to which evidentiary matters can be resolved by stipulation. In these matters, the preparation of a proposed pretrial order is essential. It alerts both the court and the parties to the matters that can and should be resolved prior to the morning of trial, without wasting either court time or jurors' time.

Finally, in neither this case nor *Link*, did the plaintiff's attorney seek to set aside the judgment entered against his client by way of a Rule 60(b) motion directed to the trial judge. The Court in *Link* expressly left open the question of whether a denial of a Rule 60(b) motion under the facts of that case would have constituted an abuse of discretion if the attorney had provided the trial court with a more adequate explanation of his absence from the pretrial conference. Under the facts of the case before us at this time, I would hold a Rule 60(b) motion to be a minimum requirement to a successful appeal from the order of dismissal. Such a motion should have raised any excuse counsel might have had for his dilatory conduct, and should also have discussed whether any prejudice to either party would have resulted from either granting or denying the motion to set aside the judgment. In my view, one element of prejudice with which the trial court should, in general, be concerned is whether the case itself has merit. In other words, in a case such as this one where there are serious statute of limitation problems for plaintiff, plaintiff should have been prepared to demonstrate to the trial court that there were reasonable grounds to conclude that plaintiff could have prevailed on the limitations issue.

The purposes of requiring such a motion are twofold. First, the motion would have given the trial court an opportunity to reconsider the decision to dismiss. Second, and more important, this reconsideration could have been made with reference to the wide range of factors relevant to the ques-

tion of whether the case should have been allowed to proceed. In addition, such a motion would have indicated that the attorney, though dilatory, was willing and able to take the steps necessary to take his case to trial.

I do not believe that a case such as this involves the Hobson's choice of "either . . . penaliz[ing] the plaintiff for the neglect or incompetence of his counsel, or . . . overlook[ing] the noncompliance thereby rendering [the district court's] order a nullity" unless the plaintiff has shown some reasonable chance of success on the merits. Only if the plaintiff has a reasonable chance of winning would the court's order of dismissal deprive him of anything. In this case he has not made such a demonstration. He has not even employed the appropriate motion procedure to permit such a showing. In fact, the record in the case seems to indicate that no such showing could be made.

To me, the appropriate position for a busy appellate court to take would be to review this type of case only when the appellant has made the appropriate motion at the trial level showing some excuse for his conduct and demonstrating a reasonable chance of success. Any other rule will have a twofold effect: (1) it will cause non–productive work at both the trial and appellate level, and (2) it will seriously hamper the efforts of good trial judges to make certain that lawyers prepare and fairly present their clients' cases, and to get the cases on their dockets to trial rapidly as well. The result of affirming the lower court here would not be to penalize the plaintiff but simply to transfer the plaintiff's claim against the defendant in this case to a claim against plaintiff's lawyer.

In this case, plaintiff's attorney's disobedience of the court's July order, in addition to the other factors in the case, including his failure to file a Rule 60(b) motion, was sufficient to permit the trial court to impose the sanction which it, in its discretion, chose. The discretion of the trial judge was not abused. Accordingly, I would affirm the decision of the lower court.