762 F.2d 1006
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
WILLIAM A. CLUMM, PLAINTIFF-APPELLANT,
v.
STATE OF OHIO; JAMES A. RHODES; GEORGE F. DENTON; ARNOLD B.
JAGO; GEORGE C. SMITH; J.K. JACKSON; OFFICER WOOLUM; MR.
WILLS; CAPTAIN KELL; LT. PICKENS; LT. SCHONWYLER; LT. IVES;
OFFICER ALLISON; T.D. TAYLOR; SGT. STRICKLAND; R.C.
MARSHALL; B.G. SETH; T.L. MORRIS; K. WILLIAMS; I. FERGUSON;
P. ADAMS; THOMAS v. MCKENZIE; SGT. RONALD ARNETT,
DEFENDANTS-APPELLEES.
 NO. 84-3402
 United States Court of Appeals, Sixth Circuit.
 3/12/85
 
 ORDER
 BEFORE: KENNEDY and WELLFORD, Circuit Judges; and PHILLIPS, Senior Circuit Judge.
 
 
 1
 Clumm appeals pro se from the district court's judgment dismissing his prisoner's civil rights complaint. This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Clumm has been a prisoner at various correctional institutions in the state of Ohio. The defendants are state government officials, state prison officials, and state court officials. Clumm's complaint raises numerous issues regarding the conditions of confinement at the various institutions.
 
 
 3
 The district court entered an order requiring Clumm to file an amended complaint stating with particularity which defendants were responsible for which alleged constitutional violations. Clumm filed two motions for extensions of time in which to file his amended complaint, but he failed to file such a complaint. After one year's delay, the district court filed a second order indicating that Clumm had thirty days in which to file the amended complaint or else his action would be dismissed. When Clumm still failed to file the complaint, the district court dismissed the case.
 
 
 4
 The general rule is that dismissal is a harsh sanction and should only be ordered in cases showing a clear record of delay or contumacious conduct by the plaintiff. Carter v. City of Memphis, Tennessee, 636 F.2d 159, 161 (6th Cir. 1980). Here the substantial period of time which passed without action on Clumm's part does show a clear record of delay.
 
 
 5
 Clumm argues that he failed to receive a copy of the district court's second order. However, notice is not always required before dismissal of a case. Link v. Wabash Railroad Company, 370 U.S. 626, 632 (1962). The question is what knowledge the party has of the consequences of his conduct. Id. Here Clumm filed two requests for continuances, so he clearly knew that he had to file an amended complaint. The district court did not abuse its discretion when it dismissed this case.
 
 
 6
 The judgment of the district court is affirmed under Rule 9(d)(3), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.