765 F.2d 145
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
RICHARD P. MIHALIK; DON DOUGHTY; AND PAUL W.
USELOFF,PLAINTIFFS-APPELLANTS,
v.
PRO ARTS, INC.; MICHAEL TRIKILIS; TED TRIKILLS; AND JOHN
ARGIRY, DEFENDANTS-APPELLEES.
 NO. 84-3354
 United States Court of Appeals, Sixth Circuit.
 5/16/85
 
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO
 BEFORE: WELLFORD and MILBURN, Circuit Judges; and KINNEARY, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiffs, Richard P. Mihalik, Don Doughty and Paul Useloff, sue defendants Pro Arts, Inc., Michael Trikilis, Ted Trikilis and John Argiry, for breach of contract and fraud, resulting in claimed loss of salary, bonus payments, and commissions. The action was originally instituted in the Northern District of Illinois in 1980 based on diversity jurisdiction, and was thereafter transferred to the Northern District of Ohio approximately seventeen months later. After pending for over two years in the latter court with no discovery apparently having taken place, the district court, on its own motion, dismissed with prejudice for want of prosecution. Plaintiffs now appeal.
 
 
 2
 Defendants, none of whom were from Illinois, made numerous motions to dismiss in response to the original complaint, claiming for the most part that the court lacked personal jurisdiction over them. Following some initial discovery relating to the jurisdictional issue and venue, the court, on March 19, 1981, ruled that it did have jurisdiction over defendants. Later, it also ordered defendant to pay some $7,000 for 'attorneys' fees and other expenses' incurred by plaintiffs premised on the court's finding that defendants, in making the various motions to dismiss, had acted in 'bad faith and vexatious[ly].'[1]
 
 
 3
 Nearly six months after this case was docketed in the Ohio district court, a pretrial conference was ordered. Pretrial was then postponed and was again postponed following plaintiffs' motion for a continuance.[2] It was later scheduled by the court on stipulation of the parties in April of 1982.
 
 
 4
 On July 15, 1982, more than two years after the complaint had been filed, though no meaningful discovery had yet taken place as to the merits, and defendants had yet to answer the complaint, the court ordered the parties to prepare for trial. On December 2, 1982, plaintiffs moved for default judgment. Defendants countered this with a motion to dismiss on December 20, 1982,[3] both motions subsequently being denied. On January 31, 1983, defendants finally answered the complaint.[4]
 
 
 5
 On June 17, 1983, again with no discovery having yet taken place in the district court, trial was set for August 16, 1983. An indefinite continuance was thereafter granted on plaintiffs' motion. Coupled with that same motion for a continuance, however, plaintiff sought leave to file an amended complaint. This motion was granted despite defendants' opposition. On November 15, 1983, plaintiffs filed their amended complaint, and at the same time noticed the depositions of the three named individual defendants to be held in early January 1984.
 
 
 6
 Also in November, a status call was held in which the court directed the parties to have all discovery completed by February 1, 1984, and all dispositive motions filed by February 15, 1984. A post-discovery pre-trial was also set for February.
 
 
 7
 On November 30, 1983, defendants moved to dismiss the amended complaint. On February 1, 1984, without taking the noticed depositions or other discovery, the parties jointly moved for an extension of time in which to pursue discovery. On February 6, 1984, the court denied the extension along with defendants' motion to dismiss, and ordered the parties to be ready for trial on any day following February 15, 1984. On March 20, 1984, the court notified the parties to be ready to begin trial on March 26, 1984. (Apparently the parties did not received notice until March 22, 1984). On March 22, plaintiffs moved for default judgment and, in the alternative, for a continuance. The next day defendants sought leave of court to file an answer to plaintiffs' amended complaint.[5]
 
 
 8
 The day of the scheduled trial, March 26, all else having failed, plaintiffs' attorney moved to dismiss the amended complaint without prejudice, but defendants objected. The court denied this motion and asked both parties if they were ready to commence trial. Defendants stated they were ready to begin, while plaintiffs' attorney informed the court that he was not, and that not all of his clients had sufficient notice to be present. The court then ordered the complaint dismissed with prejudice for failure to prosecute.
 
 
 9
 A district court has the inherent authority to dismiss a complaint on its own motion for want of prosecution. Link v. Wabash Railroad Co., 370 U.S. 626, reh'g denied, 371 U.S. 873 (1962). The decision whether or not to take this action is vested in the sound discretion of the trial court, and will not be disturbed agsent an absue of that discretion. Hughley v. Eaton Corp., 572 F.2d 556 (6th Cir. 1978).
 
 
 10
 The district court in the present case found plaintiff's conduct to be 'dilatory,' and noted that '[t]his case is essentially in the same posture it was when it was filed four years ago.' Because no discovery had apparently taken place despite plaintiffs' being granted 'numerous extensions,' and because plaintiffs stated they were not prepared to go to trial on the appointed day, the trial court felt dismissal was in order. It was also apparent that neither side had been diligent in preparing for trial, or in taking procedural or ordered actions prior to the scheduled times previously set for trial.
 
 
 11
 Plaintiffs in support of their argument that dismissal with prejudice was improper under the circumstances, point to circumstances justifying some other alternative action by the court. The action had been delayed due to unjustified actions of defendants while pending in the Northern District of Illinois. Plaintiffs claim that at least two years of delay was attributable to defendants, not plaintiffs.
 
 
 12
 Further, plaintiffs point out that defendants did not answer the original complaint until January 31, 1983, almost a year following the docketing of the case in the Northern District of Ohio. Furthermore, defendants had not put the amended complaint at issue by an answer until three days before the scheduled trial date.
 
 
 13
 Plaintiffs also, on November 15, 1983, noticed the depositions of the three individual defendants, to take place in January 1984. These depositions were never held, according to plaintiffs, because of the dilatory tactics of the individual defendants. In the letter from defendants' counsel, dated January 4, 1984, noted in footnote five, he proposed that the depositions be rescheduled sometime in February, 1984, after the time the court had ordered discovery completed.[6] On the day that discovery was to be completed by court order, a joint motion for an extension of time was filed in accordance with the sentiments expressed by defendants' counsel.
 
 
 14
 Generally, a complaint should not be dismissed for want of prosecution 'if the defendant bears a large measure of responsibility for the delay . . ..' C. Wright & A. Miller, Federal Practice and Procedure Sec. 2370 (1971 & Supp. 1983). In Rogers v. Kroger Co., 669 F.2d 317, 321 (5th Cir. 1982), the court refused to sanction dismissal for want of prosecution where at least partial responsibility for the delay rested with the defendant. The court noted that '[a]lthough the case had been pending for well over two years, the parties joined issue on the amended complaint a mere six months prior to dismissal.'
 
 
 15
 The issue in this case is similar to that in Carter v. City of Memphis, 636 F.2d 159 (6th Cir. 1980), 'whether the ditrict court abused its discretion in dismissing the action.' 636 F.2d at 161. While the particular problem before the court in Carter was the failure of plaintiff's attorney to comply with a pre-trial order, the principle involved is the same, and dismissal should be ordered only where there is "a clear record of delay or contumacious conduct by the plaintiff.' Silas v. Sears Roebuck & Co., Inc., 586 F.2d 832, 385 (5th Cir. 1978)' cited in Carter at 161. We share the district court's frustration at the failure of counsel on both sides in this controversy to prepare for trial or to effect some other disposition of the case which was pending on a busy court's docket, and unnecessarily taking the judge's time and attention. It is also true that plaintiff's counsel, who instituted the action, bears primary responsibility to move matters forward to trial, settlement or other disposition of the claim or claims he has brought.
 
 
 16
 In the instant controversy, however, it was called to our attention on oral argument that plaintiff had effectuated a $500,000 settlement from defendant Pro Arts, Inc. in the bankruptcy court prior to the dismissal in question in district court and had discovered valuable information concerning the amended complaint averments in those proceedings.[7]
 
 
 17
 Under all the circumstances, while some sanctions against plaintiffs or their counsel may be appropriate,[8] we believe it was an abuse of discretion to direct dismissal with prejudice of the amended claims against the individual defendants, who share, together with their counsel, a measure of the blame for the understandable frustration of the district court. We therefore REVERSE and REMAND with instructions that the matter proceed in accordance herewith. Each party will bear their own costs.
 
 
 
 *
 HONORABLE JOSEPH P. KINNEARY, United States District Court for the Southern District of Ohio, sitting by designation
 
 
 [1]
 Part of the bad faith conduct was the filing of an affidavit asserting that Pro Arts, Inc. did no business in Illinois. Discovery indicated to the contrary
 
 
 [2]
 In the meantime, defendants had substituted counsel
 
 
 [3]
 Again, defendants substituted counsel at this time
 
 
 [4]
 Near the end of December 1982 it was made known to the court that Pro Arts, Inc., the corporate defendant, had filed a reorganization petition under Chapter 11, necessitating a stay of all actions against that party. The bankruptcy proceedings took place also in the Northern District of Ohio. Most of the original allegations and charges were made against Pro Arts, Inc
 
 
 [5]
 Although the trial court felt the amended complaint was substantially identical to the original complaint, defendants did not. In a letter of January 4, 1984, to plaintiffs' counsel, defense counsel stated that he objected to the amended complaint because 'the allegations in the new complaint have dramatically changed the thrust of [plaintiffs'] position . . ..' At page 5 of their brief, defendants also assert they moved to dismiss the amended complaint because it was 'substantially different from the original . . ..'
 
 
 [6]
 Defendants' counsel also stated in this same letter:
 I will not attempt to push this case if you need additional time relative to the matter since it is my belief that if we can cooperate in regard to the discovery, we will both benefit from the information elicited and I believe that there are a number of matters to be ironed out which would be beneficial to your evaluation of this case.
 
 
 [7]
 It was also pointed out that there was little likelihood of recovery against Pro Arts, Inc. because of its lack of assets available for creditors like plaintiffs
 
 
 [8]
 We make it clear that lesser sanctions as deemed suitable may be imposed by the district judge upon remand