815 F.2d 701
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Mildred BANKS, Plaintiff-Appellant,
v.
UNITED STATES POSTAL SERVICES, Postmaster General William F.
Bolger, Defendant- Appellee.
 No. 85-1500.
 United States Court of Appeals, Sixth Circuit.
 March 2, 1987.
 
 Before KENNEDY, JONES and NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff, Mildred Banks, appeals the trial court's dismissal of her civil rights case for failure to prosecute and its denial of her motion to reinstate. We affirm the district court's denial of the motion to reinstate as untimely. However, because we do not perceive a clear record of delay or contumacious conduct by the plaintiff in this case, we reverse the trial court's dismissal of the case.
 
 
 2
 Plaintiff is a black female who filed a Title VII complaint against the United States Postal Service on May 29, 1980. She filed her complaint pro se, alleging both race and sex discrimination. She subsequently hired an attorney, Neil Williston, who entered an appearance on October 8, 1980. At a pretrial conference on February 3, 1981, Williston indicated that he would file an amended complaint by February 17, 1981, in order to remedy a jurisdictional defect in the original complaint. When no amended complaint had been filed a year later, the defendants filed a motion to dismiss for failure to prosecute. At the hearing on that motion, plaintiff herself appeared and informed the court that her attorney had been suspended from the practice of law; she requested appointment of counsel. The court issued an order on January 13, 1983, directing plaintiff to contact the EEOC for referral to a panel attorney; if no attorney appeared within 60 days the case would proceed with plaintiff acting pro se.
 
 
 3
 Defendants subsequently served interrogatories and a request for production on plaintiff. They did not believe that she adequately responded to the interrogatories, and in January 1984, defendants filed a motion to compel discovery. The motion to compel was granted. In addition, a scheduling order was issued, indicating that discovery would close April 2, 1984.
 
 
 4
 Still not satisfied with plaintiff's response to their discovery attempts, defendants filed another motion to dismiss on April 6, 1984. The magistrate decided to hold that motion in abeyance, and he scheduled a status conference for May 23, 1984. On May 23, plaintiff's present attorney, Mr. Thomas, filed an appearance. A status conference was held on that same day. However, the magistrate cited the name of plaintiff's previous counsel, Williston, as her "new counsel" at the status conference. The scheduling order that the magistrate subsequently set up is recorded as having been sent to Mr. Williston rather than to the new counsel, Mr. Thomas. The scheduling order required discovery to be closed by September 23, 1984, and scheduled the final pretrial conference for October 23, 1984. The defendants' latest motion to dismiss was denied.
 
 
 5
 The day after discovery was to have closed, Mr. Thomas made a motion to reopen discovery and to postpone the final pretrial conference date as well as the other dates. This motion was still pending when the date for the final pretrial conference arrived. Neither party's counsel appeared at the designated time for the final pretrial, but the docket sheet reflects that Mr. Thomas called the court later that day and requested a postponement of the conference. The court allowed the conference to be moved to November 6 as long as Mr. Thomas obtained defendants' consent. The docket sheet notes that on October 24, Mr. Thomas, with the concurrence of opposing counsel, rescheduled the final pretrial conference for 1:00 p.m., November 6. The docket sheet reflects that neither party appeared at the time set for that conference.
 
 
 6
 On November 13, the district court dismissed plaintiff's action, without prejudice, for failure to prosecute based upon counsel's failure to appear at the final pretrial conference. There is proof that this order was mailed to Mr. Thomas on November 13. Not until December 5 did plaintiff's counsel file a motion requesting the court to set aside its order of dismissal and to reinstate the action. The district court denied this motion as untimely under Rule 17(K) of the local rules for the Eastern District of Michigan. This denial was appropriate since plaintiff clearly failed to file the motion within the ten days required by the local rules.
 
 
 7
 Turning to the dismissal of plaintiff's case, we note that this court has permitted the dismissal of an action for lack of prosecution at the trial court level only under special circumstances.
 
 
 8
 The dismissal of an action for an attorney's failure to comply is a harsh sanction which the court should order only in extreme situations showing "a clear record of delay or contumacious conduct by the plaintiff." Absent this showing, an order of dismissal is an abuse of discretion; the court is limited to lesser sanctions designed to achieve compliance. The sanction of dismissal is appropriate only if the attorney's dilatory actions amounted to failure to prosecute and no alternative sanction would protect the integrity of pre-trial procedures.
 
 
 9
 Carter v. City of Memphis, 636 F.2d 159, 161 (6th Cir.1980) (citations omitted).
 
 
 10
 In the case before us, there is little doubt but that plaintiff's attorney was negligent in his compliance with the district court's pretrial order, and that the district court would have been justified in imposing a sanction short of dismissal. Nevertheless, the new attorney did indicate his intent to prosecute the case via his belated motion to extend discovery and to reschedule the conference dates. Furthermore, this case does not present "a clear record of delay or contumacious conduct by the plaintiff." Id. Plaintiff seems to have had unusually poor luck in her choice of attorneys: the first was suspended from the bar and the second appears to have been in the midst of a switch from a Legal Services office to private practice. She also appears to have been rather inept in her attempt to represent herself in the time when she was between attorneys. But she did file an amended complaint and attempt to respond to some discovery. The fact that the district court denied all of defendants' motions to dismiss based upon the pro se plaintiff's errors may reflect the court's unwillingness to assume that Ms. Banks was blameworthy for her delays. Given that plaintiff now has counsel, and that the defendants missed the same two pre-trial conferences that her present counsel missed, we believe that the district court abused its discretion in imposing the ultimate sanction of dismissal.
 
 
 11
 We therefore REVERSE the dismissal of this case and REMAND for further proceedings consistent with this opinion.