822 F.2d 1088
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Artell M. HENRY, Plaintiff-Appellant,
v.
CITY OF DETROIT, MANPOWER DEPARTMENT, Defendant-Appellee.
 No. 86-2144
 United States Court of Appeals, Sixth Circuit.
 May 26, 1987.
 
 Before KEITH and NORRIS, Circuit Judges, and PECK, Senior Circuit Judge.
 
 
 1
 The plaintiff moves for counsel on appeal from the district court's order dismissing his employment discrimination case. This appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the plaintiff's informal brief, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Henry filed his right to sue letter in the district court and requested counsel. When his motion was denied, he appealed to this court. In an en banc decision, this court held that the denial of a counsel motion was not appealable. Henry v. City of Detroit Manpower Dep't, 763 F.2d 757, 764 (6th Cir.) (en banc), cert. denied, 106 S.Ct. 604 (1985).
 
 
 3
 When the case returned to the district court, the magistrate entered a pretrial order requiring the plaintiff to file a pretrial statement. Instead, the plaintiff asked to hold the case in abeyance while he gathered a panel of non-lawyers to review the decision of this court. After further proceedings, the magistrate recommended the dismissal of the case for lack of prosecution. In response to the magistrate's report, Henry filed a request to dismiss the recommendation. The district court then entered an order dismissing the case because Henry failed to file objections.
 
 
 4
 The district court incorrectly held that Henry had failed to file objections. The court should have construed the request to dismiss the report as objections. Therefore, this appeal is not barred under 28 U.S.C. Sec. 636(b)(1) and Thomas v. Arn, 106 S.Ct. 466, 475 (1985).
 
 
 5
 Nevertheless, the district court's order can be affirmed for other reasons. Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co., 772 F.2d 214, 216 (6th Cir. 1985) (per curiam). The general rule is that the dismissal of an action for failure to comply with a pretrial order is a harsh sanction. The court should only order dismissal in extreme circumstances showing a clear record of delay. Carter v. City of Memphis, Tenn., 636 F.2d 159, 161 (6th Cir. 1980) (per curiam).
 
 
 6
 In the present case, the plaintiff deliberately refused to comply with the magistrate's pretrial order. Even after the magistrate filed a report recommending that the case be dismissed for lack of prosecution, the plaintiff still insisted on a delay in the case in order to continue to pursue his counsel issue. These deliberate choices not to comply with the order of the magistrate do show a clear record of delay in this case. So the district court's dismissal can be affirmed under Rule 41(b), Federal Rules of Civil Procedure.
 
 
 7
 The motion for counsel is denied. The order of the district court is affirmed under Rule 9(b)(5), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.