835 F.2d 879
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gerald J. STREETER, Plaintiff-Appellant,
v.
NATIONAL LABOR RELATIONS BOARD, Defendant-Appellee
 No. 87-1662.
 United States Court of Appeals, Sixth Circuit.
 Dec. 10, 1987.
 
 Before BOYCE F. MARTIN, Jr., MILBURN and ALAN E. NORRIS, Circuit Judges.
 
 ORDER
 
 1
 The plaintiff moves to hear the appeal on the original record in this appeal from the district court's order dismissing this Federal Tort Claims Act case. 28 U.S.C. Sec. 2671 et seq. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 The plaintiff was illegally fired from his job at the Leland House in Detroit, Michigan. The plaintiff filed a complaint with the defendant and was granted an award of back pay. The Leland House went into bankruptcy, and the attorneys for the defendant failed to file a notice of the plaintiff's claim. Therefore, the plaintiff received only $600 from the hotel.
 
 
 3
 In his complaint, the plaintiff alleged that the defendant was liable for the remaining $29,980.16 in back pay liability. The defendants filed an answer, and the plaintiff responded to the answer. The case languished for eight months before the district court issued a show cause order. Plaintiff responded to the show cause order by asking the court to set a hearing date.
 
 
 4
 The case again languished for another eight months before the district court sua sponte ordered the case dismissed for failure to prosecute. Fed.R.Civ.P. 41(b). The plaintiff filed a motion to reconsider the order. The court denied the motion, and the plaintiff appealed.
 
 
 5
 Dismissal for failure to prosecute is a harsh sanction and should only be ordered in cases showing a clear record of delay or contumacious conduct. Carter v. City of Memphis, Tenn., 636 F.2d 159, 161 (6th Cir.1980) (per curiam). Absent such a showing, dismissal is an abuse of discretion; the district court is limited to lesser sanctions. 636 F.2d at 161. Dismissal of pro se lawsuits is justified only when the pro se plaintiff acts deliberately, not when he does so through misunderstanding. Salahuddin v. Harris, 782 F.2d 1127, 1132 (2d Cir.1986).
 
 
 6
 In the present case, the plaintiff requested the district court to set a hearing date. When the plaintiff made that request, the district court should have proceeded to set the case for pretrial hearing or for trial. If the plaintiff failed to telephone the court and opposing counsel and set up a trial date himself, any such failure was through misunderstanding and was not deliberate. Therefore, the district court incorrectly dismissed this case for failure to prosecute.
 
 
 7
 The motion to hear the appeal on the original record is granted. The order of the district court is vacated and the case is remanded for further proceedings. Rule 9(b)(6), Rules of the Sixth Circuit.