56 F.3d 64
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Sharif R. MANSUR, Plaintiff-Appellant,
v.
Lt. James VANCE; Michael Dutton, Warden, Defendants-Appellees.
 No. 94-6222.
 United States Court of Appeals, Sixth Circuit.
 May 22, 1995.
 
 1
 Before: JONES and RYAN, Circuit Judges, and MATIA, District Judge.*
 
 ORDER
 
 2
 Sharif R. Mansur, a pro se Tennessee prisoner, appeals a district court order dismissing his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 3
 Seeking monetary, injunctive, and declaratory relief, Mansur sued two state correctional officers contending that he was improperly found guilty of violating a prison rule. The defendants were sued in their individual and official capacities. During discovery, Mansur refused to provide defendants' attorneys with names of witnesses and documents. Defendants then sought an order compelling the disclosure of Mansur's evidence. On January 29, 1994, the district court ordered Mansur to provide defendants with the requested evidence. The district court noted that Mansur's failure to comply with the court's order could result in the dismissal of the action pursuant to Fed. R. Civ. P. 37(b)(2)(C).
 
 
 4
 At a subsequent deposition, the defendants again requested names of witnesses and documentation. Mansur refused to comply with the defendants' requests. Defendants then moved for a default judgment. Upon de novo review of a magistrate judge's report and over Mansur's objections, the district court granted defendants' motion for default judgment because Mansur had refused to comply with the court's earlier discovery order.
 
 
 5
 In his timely appeal, Mansur argues that the district court erred in granting a default judgment for the defendants, that he had complied with the district court's discovery order, and that lesser sanctions should have been imposed. Mansur has moved for the appointment of counsel.
 
 
 6
 This court reviews a district court's dismissal under Fed. R. Civ. P. 37(b)(2) for an abuse of discretion. See Regional Refuse Sys., Inc. v. Inland Reclamation Co., 842 F.2d 150, 154 (6th Cir. 1988).
 
 
 7
 Upon review, we conclude that the district court properly dismissed this case. Fed. R. Civ. P. 37(b)(2) authorizes a district court to dismiss a case where the sanctioned party fails to obey an order to provide or permit discovery. The district court may dismiss the case under Rule 37 only in extreme situations showing a clear record of delay or contumacious conduct by the plaintiff. See Carter v. City of Memphis, 636 F.2d 159, 161 (6th Cir. 1980) (per curiam). The record shows that the district court ordered Mansur to comply with defendants' discovery requests. Despite the order to compel, Mansur refused to comply with the requests. As Mansur twice refused to comply with defendants' discovery requests and his refusal prejudiced defendants, we conclude that the district court properly dismissed the case.
 
 
 8
 Accordingly, we deny the motion for appointed counsel and affirm the district court's order. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Paul R. Matia, United States District Judge for the Northern District of Ohio, sitting by designation