105 F.3d 659
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Larry ROWE, Plaintiff-Appellant,
v.
CASE EQUIPMENT CORPORATION, Defendant-Appellee.
 No. 95-6315.
 United States Court of Appeals, Sixth Circuit.
 Jan. 2, 1997.
 
 Before: KEITH, SILER, and BATCHELDER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Larry Rowe, plaintiff, appeals from a district court order granting summary judgment in favor of Case Equipment Corp. ("Case"), the defendant. In particular, Rowe maintains that the district court 1) abused its discretion in granting Case's motion to strike the testimony of one of Rowe's expert witnesses and in denying Rowe's motion for reconsideration; and 2) erred by granting summary judgment in favor of Case based on its exclusion of the expert witness' testimony. For the reasons stated herein, we AFFIRM the district court's judgment.
 
 I.
 
 2
 Rowe was injured while operating a Case bulldozer on June 28, 1993. Suit was filed on June 24, 1994. Rowe alleged that the bulldozer, a model 1150B, stalled and freewheeled down an incline. He alleged that a stalled model 1150B fails to stop when on an incline even after the manual brakes have been applied. He claimed that Case's bulldozer was defective because it did not contain automatic locking brakes--unlike other models manufactured at that time--to prevent a stalled dozer from freewheeling.
 
 
 3
 On November 2, 1994, the parties agreed that Rowe was to identify his expert witnesses by February 1, 1995. Trial was set for September 11, 1995. On February 10, 1995, Rowe filed answers to Case's interrogatories, indicating that Fleetwood Johnson, Gary Blake, and Ray Pennington could be expected to be called as expert witnesses at trial. On March 29, 1995, the parties filed a joint motion to extend the discovery cut-off dates to August 1, 1995. The amended report indicated that Rowe was to identify expert witnesses on or before May 1, 1995.
 
 
 4
 Rowe disclosed on April 12, 1995 that Beldon Rich "has been employed by the Plaintiff for purposes of providing expert testimony with regards to the defect in the bulldozer which is the basis of the underlying cause of action." On July 6, 1995, Rowe supplemented his interrogatory by disclosing that Beldon Rich "and/or other employees of Northbrook Engineering Company are expected to testify on behalf of Plaintiff at the trial of this matter."
 
 
 5
 On July 13, 1995, Case filed a motion to strike Rich's testimony because (1) the identification occurred sixty-five days after the expert identification cut-off date; (2) the late identification date left Case with only twenty days to depose him because of the August 1 discovery cut-off date; and (3) the document did not include Rich's opinions. Rowe filed a response on July 20, 1995, indicating that he disclosed to Case that he intended to use Rich's testimony on April 12, 1995 and asserting that he did not yet have Rich's opinions, but expected "to have [this] information in the very near future."
 
 
 6
 On August 3, 1995, the district court granted Case's motion to strike Rich's testimony because it found Rowe's delay in identifying a witness and continued failure to produce a report to be in violation of Rule 26 of the Federal Rules of Civil Procedure, specifically, the rule's amendments, which became effective in 1993. Case subsequently moved for summary judgment on August 10, 1995.
 
 
 7
 Rowe, meanwhile, filed a motion on August 15, 1995, to reconsider the striking of his expert's testimony, and to allow him to present the testimony of Robert Farrell. In explaining the delay in his motion, Rowe stated that he had initially believed that the model 1150B was manufactured in 1986. He came to realize, in April 1995, however, that the dozer was actually a 1975 model. Robert Farrell, an employee of Northbrook Engineering Co., indicated in a letter, dated August 10, 1995, that the problem was compounded by the difficulty in obtaining manuals published twenty years earlier. Farrell's evaluation and opinions were submitted on August 24, 1995. Rowe supplemented his motion for reconsideration on August 29, attaching Farrell's opinions. On September 1, 1995, the district court denied Rowe's motion for reconsideration and granted Case's motion for summary judgment.
 
 II.
 
 8
 This court reviews the district court's decision to invoke discovery sanctions for an abuse of discretion. Beil v. Lakewood Eng'g & Mfg. Co., 15 F.3d 546, 551 (6th Cir.1994). An abuse of discretion exists when "(1) the district court's decision is based on an erroneous conclusion of law, (2) the district court's findings are clearly erroneous, or (3) the district court's decision is clearly unreasonable, arbitrary or fanciful." Id.
 
 
 9
 Pursuant to Rule 37(c)(1) of the Federal Rules of Civil Procedure, the district court struck the testimony of one of Rowe's expert witnesses. Rule 37(c)(1) states in pertinent part:
 
 
 10
 A party that without substantial justification fails to disclose information required by Rule 26(a) ... shall not, unless such failure is harmless, be permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.
 
 Rule 26(a)(2)(B), in turn, provides that
 
 11
 Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case ... be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; ...
 
 
 12
 Rule 26(a)(2)(C) supplements this requirement: "In the absence of other directions from the court or stipulation by the parties, the disclosures shall be made at least 90 days before the trial date or the date the case is to be ready for trial."
 
 
 13
 In the instant case, the district court, on November 4, 1994, assigned Rowe's claim for trial for September 11, 1995. On April 12, 1995, Rowe had filed a disclosure that Beldon Rich was employed "for purposes of providing expert testimony." No mention was made at that time concerning Rich's opinions or that Rich was employed by Northbrook Engineering Company. On July 10, 1995, Rowe filed a supplemental answer to his interrogatory in which he disclosed, for the first time, that he had retained the Northbrook firm. Again, no opinion was disseminated. Farrell was first mentioned in Rowe's motion to the district court to reconsider the striking of Rich's testimony on August 15, 1995. Farrell's report was finally filed with the court on August 29, two weeks prior to the scheduled trial date. The district court, thus, properly exercised its discretion, under Rule 37(c), in excluding an expert's report that was not timely disclosed.
 
 
 14
 Rowe, however, makes two arguments that the district court abused its discretion. First, he suggests that the delay in producing a written expert report was substantially justified. Second, he argues that the failure to disclose was harmless. See FED.R.CIV.P. 37(c).
 
 
 15
 Rowe argues that he did not realize that the bulldozer was built in 1975 until after April 12, 1995.[1] The report was held up after that point because of the difficulty in obtaining materials for the 1975 model. The district court ruled that "[e]ven accepting that the situation was as the plaintiff says, such a mistake would not in any way justify the plaintiff's failure to identify Mr. Rich as an expert and produce a report as required by FED.R.CIV.P. 26 as amended in 1993." The court permitted extended discovery dates. Yet, because of the failure to properly investigate the incident, specifically the make and model of the bulldozer, Rowe could not comply with the extension.[2]
 
 
 16
 Rowe also argues that the delayed expert report was harmless to Case. He notes that Rich and Northbrook were identified in April and in July 1995 and that Case had engaged an expert who would testify that the bulldozer "conformed to the state of the art that existed in 1975." Moreover, Rowe claims that Farrell could have been deposed in the two weeks prior to trial after the report had been filed with the court. However, Rowe's failure to disclose his expert's report until the eve of trial, leaving Case little opportunity to depose the expert and secure a rebuttal witness, was more than harmless to Case.
 
 
 17
 Rowe concedes that the issue of the expert's report determines the summary judgment issue. Because the bulldozer was more than eight years old, Kentucky law presumes that the equipment was non-defective. KY.REV.STAT.ANN. § 411.310. None of the other experts rebutted this presumption.
 
 III.
 
 18
 The district court did not abuse its discretion in striking the testimony of one of three expert witnesses retained by Rowe. Rowe did not substantially justify why he failed to disclose the expert's opinion in a timely fashion, and this delay was not harmless to Case.
 
 
 19
 Accordingly, the district court's grant of summary judgment in favor of Case is AFFIRMED.
 
 
 
 [1]
 Rowe does little to substantiate his claim that he thought the model 1150B was built in 1986. Rowe's deposition testimony revealed that he was uncertain as to the year of the model. Tommy Hall, Rowe's employer, also testified that he was unsure of the year during which the bulldozer was built. Other than the plaintiff's own guess, albeit educated by experience on the machines, there is no corroborating evidence confirming that the dozer was built in 1986
 
 
 [2]
 Rowe filed the case in June 1994. It is apparent that he did very little investigation regarding his claim until April 1995