this case with instructions that it be re-manded to state court.

George A. SEXTON, Plaintiff–Appellant,

v.

UNIROYAL CHEMICAL COMPANY, INC., R.T. Vanderbilt Company, Inc., Defendants–Appellees.

No. 01–5772.

United States Court of Appeals, Sixth Circuit.

April 8, 2003.

Before KRUPANSKY, SILER and COLE, Circuit Judges.

KRUPANSKY, Circuit Judge.

Plaintiff–Appellant, George Sexton ("Sexton"), has challenged the district court's dismissal of his products liability claim, pursuant to Fed.R.Civ.P. 41(b), against defendants-appellees, Uniroyal Chemical Company and R.T. Vanderbilt Company (collectively "Uniroyal," or "Company"), for his failure to provide the required expert witness reports under the district court's scheduling order and Fed. R.Civ.P. 26(a)(2)(B). The appellant has maintained that while he failed to comply with Rule 26(a) he, nevertheless, provided information through interrogatories re-garding the proposed testimony and qual-

ifications of his expert witnesses. Appellant has also asserted that defendants suffered no harm in having to respond to vague interrogatory responses rather than the necessary, complete expert witness reports. appellant contends the court should have imposed a less precipitous sanction. For the reasons considered below, this court finds no abuse of discretion in the district court's order of dismissal and, therefore, affirms the district court's sanction.

This products liability suit arose out of appellant's alleged exposure to chemicals manufactured by Uniroyal and Vanderbilt and used in the rubber industry where Sexton worked for a number of years. Appellant has alleged that he developed sensitivity to these products, including an allergic reaction which forced him to leave his employment. Sexton avers that the chemicals used in his employment failed to carry adequate warnings and presented an unreasonable danger.

Appellant had filed a previous lawsuit on April 8, 1996 (No. 3:96–CV–551 and 552), averring claims identical to those in the case *sub judice*. During discovery proceedings in that action, appellant failed to provide defendants with the required, Rule 26, information on plaintiff's expert witness Dr. Tidence Lane Prince. Consequently on March 15, 1999, the district court granted appellees' motion to disallow Prince's testimony as a sanction for plaintiff's failure to comply with the reporting requirements of Rule 26(a)(2)(B) and the court's scheduling order.[1] J.A. at 82. Recognizing the difficulty of proving his products liability case without Dr. Prince's testimony, plaintiff moved for a voluntary dismissal of that action under Fed.R.Civ.P. 41(a)(2), which the court granted without prejudice on April 27, 1999. J.A. 83, 85.

On April 25, 2000, the appellant commenced the instant action in state court and appellees removed to the district court. The district court scheduled appellant's case for trial on May 21, 2001. The court's scheduling order, entered August 4, 2000, imposed a full and complete disclosure of expert testimony in conformity with Rule 26(a) by February 20, 2001, ninety calendar-days prior to trial. J.A. at

---

1. The court may exercise sanctions for failure to report expert witness testimony under Fed. R.Civ.P. 37(c)(1), which states in pertinent part:

   A party that without substantial justification fails to disclose information required by Rule 26(a) ... is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing or on a motion any witness or information not so disclosed.

   This circuit has established that Rule 37(c)(1) mandates that a trial court sanction a party for discovery violations in connection with Rule 26(a) unless the violations were harmless or were substantially justified. Plaintiff has not demonstrated that his failure to abide by Rule 26(a) was either harmless or justified. *See Knoll v. A.T.T. Co.*, 176 F.3d 359, 363 (6th Cir.1999); *Salgado v. General Motors Corp.*, 150 F.3d 735, 742 n. 6 (7th Cir.1998) (holding that Rule 37(c)(1) puts teeth into Rule 26 and that "the district court acted well within its discretion when it decided to impose the sanction of precluding the witnesses from testifying" since "the sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless"); *Ames v. Van Dyne*, No. 95–3376, 1996 WL 662899 at *4 (6th Cir. Nov.13, 1996) (unpublished) (observing that "Rule 37 is written in mandatory terms and is designed to provide a strong inducement for disclosure of Rule 26(a) material"); *King v. Ford Motor Co.*, 209 F.3d 886, 900 (6th Cir.2000), *cert. denied,* 531 U.S. 960, 121 S.Ct. 386, 148 L.Ed.2d 298 (2000) (affirming the district court's exclusion of expert testimony under Rule 37(c)(1) for failure to comply with strictures of Rule 26(a)). The appellant's counsel acknowledged in the May 11 exclusion hearing that excluding Dr. Prince and Mr. Beliczky was tantamount to dismissing the case *sub judice,* as these witnesses were essential to the plaintiff's demonstration of proof.

30. Appellees submitted their list of expert witnesses together with their written reports, as required, on February 20, 2001. J.A. at 87. The appellant ignored the court's scheduling order and failed to file a list of his expert witnesses or their written reports.

Nevertheless, in a letter to defendants on March 19, 2001, Sexton announced that he would present Dr. Tidence L. Prince, Dr. Carl Zenz and Mr. Louis Beliczky at trial as independent experts. J.A. at 80–81. The only information appellant provided appellees regarding these three expert witnesses, in the case *sub judice*, was incorporated into a vague response to interrogatories submitted to appellees on September 11, 2000, wherein the appellant stated that the experts "will rely upon the facts revealed in the pleadings, motions, responses, depositions, and discovery papers, along with their attachments and exhibits produced in this cause in combination with the medical and scientific literature available in the field, and their own education, training and experiences." J.A. at 102. Consequently, on April 13, 2001, appellees filed a motion to exclude the testimony of witnesses Prince and Beliczky. J.A. at 86. Appellant filed a motion for continuance on April 24, 2001. J.A. at 91.

The district court conducted a hearing on appellees' motion to exclude on May 11, 2001. J.A. at 123. At the hearing, Sexton admitted his failure to comply with the "clear" requirements of Rule 26. Appellant also conceded that he could not confirm the experts' testimony. Finally, plaintiff also acknowledged, during the hearing, that disallowing testimony from Prince and Beliczky "would be tantamount to dismissal." J.A. at 124.

Appropriately, on May 23, 2001 the district court dismissed appellant's complaint, pursuant to Rule 41(b), for failure to prosecute and for failure to comply with the court's scheduling order. J.A. at 20. Appellant filed this timely appeal.

Jurisdiction is proper under 28 U.S.C. § 1291, which generally grants appellate jurisdiction to the courts of appeals of all final decisions of the district courts of the United States.

This court reviews a district court's decision to dismiss pursuant to Rule 41(b) for an abuse of discretion. *King v. Ford Motor Co.*, 209 F.3d at 900; *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir.1993); *Regional Refuse Systems, Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 153–55 (6th Cir. 1988) (observing that "if a party has the ability to comply with a discovery order and does not, dismissal is not an abuse of discretion"). An abuse of discretion occurs when "(1) the district court's decision is based on an erroneous conclusion of law, (2) the district court's findings are clearly erroneous, or (3) the district court's decision is clearly unreasonable, arbitrary or fanciful." *Beil v. Lakewood Eng'g & Mfg. Co.*, 15 F.3d 546, 551 (6th Cir.1994).

The district court dismissed appellant's claim, pursuant to Fed.R.Civ.P. 41(b), for failure to prosecute and to comply with the court's Rule 26(a)(2)(B) order governing the disclosure of expert testimony during discovery. In pertinent part, Rule 26 provides that:

> Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case ... be accompanied by a written report prepared and signed by the witness. The report shall contain a *complete statement of all opinions to be expressed and the basis and reasons therefor;* the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the

opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Fed.R.Civ.P. 26(a)(2)(B) (emphasis added). Rule 26(a)(2)(C) directs that:

These disclosures shall be made at the times and in the sequence directed by the court.

Fed.R.Civ.P. 26(a)(2)(C).

This circuit has recognized that Rule 41(b) provides courts the authority, as in the instant case, to dismiss a claim for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 366–67 (6th Cir.1997); *see also Bendix Aviation Corp. v. Glass*, 32 F.R.D. 375 (E.D.Pa.1961), *aff'd*, 314 F.2d 944, *cert. denied* 375 U.S. 817, 84 S.Ct. 51, 11 L.Ed.2d 52 (1963) (observing that "'failure to prosecute' under the rule does not mean that the plaintiff must have taken any positive steps to delay the trial or prevent it from being reached by operation of the regular machinery of the court. It is quite sufficient if he does nothing, knowing that until something is done there will be no trial."). "This measure [41(b)] is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties ... A district court must be given substantial discretion in serving these tasks.'" *Knoll v. A.T.T. Co.*, 176 F.3d at 363. By repeatedly refusing to abide by the court's Rule 26(a) order, the testimony of Prince and Beliczky was subject to exclusion. As appellant's counsel acknowledged, such a court-imposed sanction would be tantamount to dismissal of the instant action.

In the context of a dismissal pursuant to Rule 41(b), this circuit has relied for guidance on the four factors applied in *Regional Refuse Systems, Inc.*, 842 F.2d at 153–55:(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *See Mulbah v. Detroit Bd. of Ed.*, 261 F.3d 586, 589 (6th Cir.2001); *Stough v. Mayville Community Schs.*, 138 F.3d 612, 615 (6th Cir.1998); *Harmon*, 110 F.3d at 366–67.[2] In the instant case, the

---

**2.** In their brief, appellees have mistakenly relied on a series of unpublished opinions from this circuit to validate their legal conclusions. *Vaughn v. City of Lebanon*, No. 99–6670, 2001 WL 966279 (6th Cir. Aug.16, 2001); *Bowe v. Consolidated Rail Corp.*, No. 99–4091, 2000 WL 1434584 (6th Cir. Sept.19, 2000); *Vance v. United States*, No. 98–5488, 1999 WL 455435 (6th Cir. June 25, 1999); *Rowe v. Case Equipment Corp.*, No. 95–6315, 1997 WL 2647 (6th Cir. Jan 2, 1997). In each of these disputes, the court granted defendant's motion for summary judgment as sanction for plaintiff's discovery violations. The courts applied this sanction when the plaintiff exhibited willful disregard for, or contumacious behavior toward the discovery rules and the conduct was not harmless but resulted in prejudice to the adversarial party. This two prong assessment is effectively the rule under *Regional Refuse*, when involving, as it does in the case *sub judice*, willful, contumacious conduct that is not harmless. *Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir.1988); *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1079 (6th Cir.1990). However, the legal precedent relied on by the appellees adhere only in summary judgment dispositions. As the court in *Vance* pointed out, when the question of sanctions for dilatory conduct arises under either Rule 37(b) or Rule 41(b),

record demonstrates to this court the presence of all four *Regional Refuse* factors in support of the district court's Rule 41(b) dismissal for failure to prosecute and to comply with the court's discovery orders.

With regard to the first element of the *Regional Refuse* analysis, the record sustains appellant's dilatory and contumacious conduct. Even though appellant sought to present the same expert witnesses as in his first suit, initiated some four years earlier, he again intentionally disregarded the district court's scheduling order. Second, as the district court noted in its dismissal, the appellant's continued refusal to comply with the district court's order enforcing Rule 26 extended even beyond the May 21 trial date, despite the court's clear admonition to the appellant during the May 11 exclusion hearing. This circuit has recognized dismissal as a sanction for failing to comply with discovery because it "accomplishes the dual purpose of punishing the offending party and deterring similar litigants from such misconduct in the future." *Bass v. Jostens, Inc.,* 71 F.3d 237, 241 (6th Cir.1995) (citing *National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 643, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747 (1976)).

The appellant has offered no justification for his repeated refusal to provide the necessary expert witness report from Dr. Prince. In the plaintiff's previous suit, on March 15, 1999, the district court granted appellees' motion to disallow the testimony of Dr. Prince for the same delinquency that compelled the disallowance of Prince's testimony in the instant case, namely, appellant's failure to comply with Rule 26(a)(2)(B). Appellant has claimed that Mr. Beliczky, his second expert witness, could not participate in discovery because he was being treated for depression. Plaintiff knew he intended to use Beliczky prior to the dismissal of the first suit in 1999 and yet. did not seek an extension of time from the court prior to the expiration of the February 2001 deadline. Nor did appellant provide any indication that Mr. Beliczky was ill at the time the expert witness reports were due in the current action. The plaintiff's pointed disregard of the court's scheduling order demonstrated the contumacy necessary to justify dismissal of the appellant's suit.

The appellant has relied upon this court's decision in *Freeland v. Amigo,* 103 F.3d 1271 (6th Cir.1997), to sustain his contention that the district court's dismissal amounted to an abuse of discretion. In *Freeland,* the plaintiff failed to provide a list of expert witnesses and exhibits in a final pretrial statement. The district court excluded the witness testimony which resulted in an effective dismissal under Fed. R.Civ.P. 37. This court concluded the record did not clearly demonstrate willful delay or contumacious conduct. *Id.* at 1277. However, in *Freeland* the court relied on several facts that distinguish it from the instant case. First, the pretrial order in *Freeland* allowed the parties to waive the filing dates by oral agreement. *Id* at 1278. In the instant case, no such flexibility existed in the court's scheduling order which admonished the parties to observe that "[i]nitial disclosures, disclosure of expert testimony and pretrial disclosures must be made in conformity with Rule 26(a). Witnesses not disclosed in conformity with Rule 26(a)(3) may not be used at trial without first obtaining leave of court to use them based upon good cause shown for not disclosing them earlier." J.A. at 30. Second, the plaintiff in *Freeland* did file his pretrial statement, albeit late. In the instant case, the appellant *never* provided the required expert disclosures, exhibiting

the court should apply the *Regional Refuse* test. *Vance,* 1999 WL 455435, *6.

willful disregard of the court's scheduling order and the strictures of Rule 26(a). Third, unlike the instant case, the *Freeland* defendant's own considerable dilatory conduct served to mitigate the sanctions this court viewed as appropriate. *Id.* at 1277.

Sexton's repeated unwillingness to provide defendants with the required qualifications, testimony and written reports of its expert witnesses directly offended the second instruction of *Regional Refuse* and unfairly prejudiced defendants' ability to serve court and client. Appellant's conduct was therefore not harmless. Contrary to appellant's contention, Rule 26(a)(2)(B) does not allow answers to interrogatories to substitute for an expert witness report. Nor did the appellant's response to interrogatories meet the Rule 26 mandate for a "complete statement of all opinions to be expressed and the basis and reasons therefor," for supporting data or for witness qualifications. Fed.R.Civ.P. 26(a)(2)(B).

Throughout his previous action and the instant litigation, appellant received numerous warnings that his continued dilatory conduct would lead to exclusion of his expert witnesses and dismissal of his suit. Voluntary dismissal of his earlier action resulted from his failure to comply with Rule 26 as it related to Dr. Prince's testimony in that action. Moreover, defendants' motion to exclude expert testimony and the court's scheduled hearing of May 11 placed plaintiff on notice that the court would consider dismissal of his claim. Plaintiff's counsel admitted during the hearing that exclusion of Dr. Prince and Mr. Beliczky would effectively force a dismissal of the case.[3] Finally, the record demonstrated that plaintiff was placed on notice regarding his repeated dilatory conduct.

Finally, in accord with *Regional Refuse,* the district court reasonably concluded that plaintiff's repeated, intentional contumacious conduct warranted dismissal of the suit rather than a lesser sanction. This circuit has determined that where dismissal is the sanction of last resort, a district court does not abuse its discretion by dismissing a case when other sanctions might be workable as long as dismissal is supported by the facts. *Beil v. Lakewood Eng'g & Mfg. Co.,* 15 F.3d at 552. The record in the instant case reflects that the court permitted appellant to voluntarily dismiss his previous lawsuit in lieu of a court dismissal for the same contumacious conduct exhibited here. The result of those proceedings fairly put the appellant on notice that sanctions would result from his failure to comply with Rule 26(a). Moreover, the voluntary dismissal was a less drastic sanction for appellant's initial, but obviously unyielding disregard for the district court's discovery requirements.

Additionally, this circuit has determined that the failure of the district court to impose or make explicit its consideration of lesser sanctions is not fatal. *See Bank One of Cleveland, N.A. v. Abbe,* 916 F.2d 1067, 1079 (6th Cir.1990); *Harmon,* 110 F.3d at 367 (insisting that "the imposition of lesser sanctions is a *factor* in our review, not a *sine qua non* for affirmance").

Appellant's counsel has urged this court to consider the hardship afforded his client should the district court's dismissal be affirmed. This court, in *Harmon,* has expressed a reluctance, "to uphold the dis-

---

3. MR. SEALS: Your Honor, I appreciate the court's dilemma and ours as well. A ruling in this case disallowing us or not granting us a continuance-

THE COURT: Would be tantamount to dismissal. You can't go without an expert. I know that.

missal of a case merely to discipline an errant attorney because such a sanction deprives the client of his day in court." *Harmon*, 110 F.3d at 367. Nevertheless, the *Harmon* court's hesitation in denying the plaintiff his "day in court" did not restrain it from concluding that no abuse of discretion infected the district court's dismissal of appellant's claim as a means of sanctioning the attorney's bad faith and contumacious conduct. *See also Allen v. Murph*, 194 F.3d 722, 724 (6th Cir.1999) (noting that "[t]he Supreme Court has expressly rejected a suggestion previously made by this court that 'it would be inappropriate to penalize [the clients] for the omissions of their attorney:' on the contrary, the Court held, clients must 'be held accountable for the acts and omissions of their chosen counsel'") (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)); *Link v. Wabash R. Co.*, 370 U.S. 626, 633–34, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (explaining that a party ultimately assumes responsibility for the actions of its freely selected agent); *Knoll*, 176 F.3d at 366. In addition, any sanction short of dismissal would permit the repeatedly recalcitrant appellant to benefit from his tactical obstruction. Finally, another discovery order would only needlessly multiply the proceedings. The clear record of delay in the instant case compels this court, following *Harmon*, to affirm the district court's sanction of dismissal.

Moreover, as this court has discussed, in the analogous context of excusable neglect, appellant has not necessarily forfeited his "day in court" solely by reason of his lawyer's misconduct, when Sexton has a legal basis to initiate an action for professional malpractice against his willfully dilatory counsel. *See Allen*, 194 F.3d at 729 (Krupansky, concurring) (discussing petitioners' opportunity to timely initiate an action for professional malpractice against their dilatory counsel who provided initial discovery three months after it was due, failed to provide further requested discovery, and failed to respond to the government's motion to strike, even after the district court *sua sponte* granted an extension of time).

For the foregoing reasons, this court affirms the determination of the district court.

COLE, Circuit Judge, dissenting.

I would reverse the district court's judgment dismissing Sexton's action. I therefore respectfully dissent.

Initially, I note that I have a concern regarding the district court's use of Rule 41, rather than Rule 37, to dismiss Sexton's claim. While Rule 41 permits a court to dismiss an action for failure to comply with the court's orders, *see* FED. R. CIV. P. 41(b), portions of Rule 37 were specifically designed to address the failure of parties to submit expert reports, requiring the exclusion of such expert testimony and permitting additional sanctions. *See* FED. R. CIV. P. 37(c)(1). The Supreme Court has stated that whether a court may dismiss an action based on noncompliance with a production order "depends exclusively upon Rule 37, which addresses itself with particularity to the consequences of a failure to make discovery by listing a variety of remedies which a court may employ as well as by authorizing any order which is 'just.'" *Societe Internationale Pour Participations Industrielles et Commerciales v. Rogers*, 357 U.S. 197, 207, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958). The Court went on to state. "There is no need to resort to Rule 41(b), which appears in that part of the Rules concerned with trials and

which lacks such specific references to discovery." *Id.*

However, I base my disagreement with the majority primarily on the fact that I differ in my assessment of the four *Regional Refuse* factors as they apply in this case. I agree that the first two prongs of the *Regional Refuse* test, failure to cooperate as a result of fault and prejudice to the adversary, militate in favor of affirming dismissal.

As to the third prong, however, I do not read the record to indicate that Sexton was given sufficient notice of the possibility of dismissal. Indeed, the hearing that resulted in the dismissal of this case was held to determine whether Sexton's expert witnesses would be permitted to present testimony, not whether the lawsuit would be dismissed. It does appear that exclusion of the expert testimony would eventually lead to dismissal of the case, but I do not think that it can be said that the two are one in the same. The scheduling order issued by the district court warned that witnesses not disclosed in conformity with Rule 26 "may not be used at trial," but did not indicate that such a failure to comply would be cause for dismissal. While the failure of the court to give notice of the possibility of dismissal does not automatically render such a dismissal void, we have emphasized the importance of providing notice to the parties, stating that prior notice is a key consideration when applying the *Regional Refuse* test. *Stough v. Mayville Cmty. Schs.,* 138 F.3d 612, 615 (6th Cir.1998). Indeed, we consider such a dismissal an abuse of discretion "unless the derelict party has engaged in bad faith or contumacious conduct." *Harmon v. CSX Transportation, Inc.,* 110 F.3d 364, 367 (6th Cir.1997) (citation omitted). I do believe that Sexton's counsel is at fault, and that the advocacy here has been inadequate. However, in my view,

there has been no showing of bad faith or contumacious conduct.

Lastly, we must consider whether less drastic sanctions were imposed or considered prior to dismissal. "The sanction of dismissal is appropriate only if the attorney's dilatory actions amounted to failure to prosecute and no alternative sanction would protect the integrity of pre-trial procedures." *Carter v. City of Memphis,* 636 F.2d 159, 161 (6th Cir.1980). The record does not indicate that any less drastic sanctions were imposed or considered at any point during the proceedings. While failure to expressly consider such lesser sanctions does not, in and of itself, require this Court to find an abuse of discretion, "in the absence of such consideration, and 'in the absence of contumacious conduct, an alternate sanction that would protect the integrity of pretrial procedures should be utilized rather than dismissal with prejudice.'" *Harmon,* 110 F.3d at 367–68 (quoting *Freeland v. Amigo,* 103 F.3d 1271, 1280 (6th Cir.1997)). Thus, I believe that properly weighing the four *Regional Refuse* factors requires reversal of the district court.

The appropriate balance becomes even more clear here when considered in light of other relevant factors. First, it is important to recognize that the district court dismissed this case sua sponte. The defendants never moved for the district court to dismiss this case pursuant to Rule 37 or Rule 41. We have warned that "[a] district court should proceed with great caution when dismissing a claim sua sponte." *Boddie v. Am. Broad. Cos.,* 731 F.2d 333, 336 n. 2 (6th Cir.1984). We have also been "reluctant to uphold the dismissal of a case ... merely to discipline an errant attorney because such a sanction deprives the client of his day in court." *Buck v. U.S. Dep't of Agric. Farmers Home Admin.,* 960 F.2d 603, 608 (6th Cir.1992). Thus, "[d]ismissal

is usually inappropriate where the neglect is solely the fault of the attorney." *Carter*, 636 F.2d at 159. As a result of this Court's heightening recognition of this principle, it has "increasingly emphasized directly sanctioning the delinquent lawyer rather than an innocent client." *Coleman v. Am. Red Cross*, 23 F.3d 1091, 1095 (6th Cir.1994)

Thus, given: (1) the appropriate balance of the *Regional Refuse* factors; (2) that these factors are viewed in a manner more favorable to the plaintiff when the dismissal was caused by the conduct of the plaintiff's counsel, *Harmon*, 110 F.3d at 367; (3) the caution with which a district court should proceed when dismissing a case sua sponte, *Boddie*, 731 F.2d at 336 n. 2; (4) the established precedent that this type of dismissal is only appropriate where the derelict party has engaged in bad faith or contumacious conduct, *Harmon*, 110 F.3d at 367; (5) the lack of bad faith and contumacious conduct present in this case: and (6) this Court's extreme hesitance to deprive innocent parties of their day in court due to the mistakes of their counsel. *Buck*, 960 F.2d at 608. Sexton's right to sue outweighs any harm demonstrated by the defendants, *see Coleman*, 23 F.3d at 1096.

I respectfully dissent.