Bryan Bennett ABRAMS, Plaintiff,

v.

Jeffrey Paul MENDSEN and Schneider
National Carriers, Inc.,
Defendants.

No. 02–71725.

United States District Court,
E.D. Michigan,
Southern Division.

Oct. 20, 2003.

Joseph Dedvukaj, Southfield, MI, for
Plaintiff.

Gary W. Parker, Hutchinson & Paradoski,
Detroit, MI, for Defendant.

*OPINION AND ORDER GRANTING IN
PART PLAINTIFF'S MOTION TO
PRECLUDE TESTIMONY OF DE-
FENDANTS' ACCIDENT RECON-
STRUCTION EXPERT HENRY LIPI-
AN*

ROBERTS, District Judge.

## I. INTRODUCTION

This matter is before the Court on Plain-
tiff's Motion to Preclude Testimony of Defen-
dants' Accident Reconstruction Expert Hen-
ry Lipian.

Because the proffered expert has not pre-
sented to Plaintiff, or to the Court, the calcu-
lations used in analyzing speed/energy dissi-
pated in the motor vehicle accident from
which this action arose, the Court will pre-
clude that part of the expert's testimony
which pertains to the SLAM computer pro-
gram.

## II. BACKGROUND

Plaintiff Bryan Bennett Abrams ("Plain-
tiff") brought suit against Jeffrey Paul Mend-
sen and Schneider National Carriers, Inc.
("Defendants") for injuries he suffered in a
motor vehicle accident.

On April 21, 2003, Plaintiff took a duces
tecum discovery deposition of Defendants'
accident reconstruction expert Henry Lipian
("Lipian"). While Lipian does not have an
engineering degree, Pl. Exh. 1, Lipian Depo.,
at 83:2–21, he has been involved in both the
investigation and reconstruction of motor ve-
hicle accidents since 1982.

A significant portion of Lipian's deposition
centered around conclusions made using the
computer program AlTools TM SLAM
("SLAM"). Lipian swore in his affidavit that
SLAM "was only used in regards to this
litigation to determine the speed/energy dis-
sipated in causing the damage to the vehicle
being operated by Plaintiff in the accident
sequence." Second Supp. to Def. Br., Lipian
Aff. at ¶ 1. Lipian admitted that, as with all
computer programs, SLAM has its limita-
tions. Pl. Exh. 1, Lipian Depo., at 60:20–
61:13. He further admitted that he did not
know what computer language SLAM was
based upon, *id.* at 85:8–9, but that it was

based on the laws of physics and basic engineering. *Id.* at 107:16–21.

Lipian used SLAM's algorithms to analyze the motor vehicle accident at issue in this case by a method called "Damage Analysis." "Damage Analysis makes use of the amount of structural deformation of the vehicles to arrive at an estimate of the energy and the associated speed required to produce the observed vehicle damage." Def. Br. at 10. In their opposition brief, Defendants admit that the equations involved in the Damage Analysis are "rather technical and lengthy and therefore do not lend themselves to simple memorization." *Id.* at 11. This, they state, explains why Lipian was not able to recall the specific equations at his deposition. *Id.; see, e.g.,* Pl. Exh. 1, Lipian Depo., at 83:22–84:15; Def. Br. at 11. However, Lipian plans to calculate, by hand, the results obtained by SLAM before trial. Pl. Exh. 1, Lipian Depo., at 105:23–106:19; Second Supp., Lipian Aff., at ¶ 3. To date, he has failed to do so.

Plaintiff contends that Lipian's testimony with regards to SLAM has not satisfied the reliability requirement articulated by *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), and its progeny. In the alternative, Plaintiff asserts that because Lipian has neither submitted a report detailing information Lipian used in compiling his data-specifically, that Lipian could not articulate the mathematic equations that SLAM used to calculate speed/energy dissipated at the time of the motor vehicle accident from which this action arose-his testimony as to the SLAM program should be precluded at trial. Moreover, Plaintiff argues that because Lipian did not supplement his deposition testimony by providing the calculations used to measure the speed/energy dissipated, his testimony as to SLAM should be precluded.

Defendants are surprised by Plaintiff's attack on Lipian's SLAM analysis because the majority of Lipian's analysis was related to time and distance relationships, the scale drawing of the crash location, the vehicle dynamics, the determination of the chain of events involved in the accident sequence, the principal direction of force, air bag issues and technology and the issue of causation. However, Defendants' state in their opposition brief that "if there is any merit to Plaintiff's motion, which Defendants deny, it would simply bar his testimony regarding the determination of the speed/energy dissipated in causing the damage to the vehicle operated by Plaintiff" at the time of the accident. Def. Br. at 9–10. Defendants argue that Plaintiff's motion is based on the fact that Lipian's testimony should be precluded because he does not have an engineering degree. The Court does not read Plaintiff's brief in support of the motion so broadly.

## III. ANALYSIS

Federal Rule of Civil Procedure 26(a)(2)(B) provides the following:

> Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specifically employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support of the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Rule 26(e) requires the supplementation of disclosures. It states that:

> A party who has made a disclosure under subdivision (a) or responded to a request for discovery with a disclosure or response is under a duty to supplement or correct the disclosure or response to include information thereafter acquired if ordered by the court or in the following circumstances:
>
> (1) A party is under a duty to supplement at appropriate intervals its disclosure under subdivision (a) if the party

**541**

learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing. With respect to testimony of an expert from whom a report is required under subdivision (a)(2)(B) the duty extends both to information contained in the report and to the information provided through a deposition of the expert, and any additions or other changes to this information shall be disclosed by the time the party's disclosures under Rule 26(a)(3) are due.

In this case, Lipian swore in his affidavit that all the assertions made in Defendants' "brief are true and correct" to the best of his knowledge "and belief or based upon the citations of authority set forth beside those assertions, which I have personally checked and am compiling for inspection by Plaintiff's counsel and/or the court." Second Supp., Lipian Aff., at ¶ 3. To date, Lipian (and Defendants) have failed to produce such documentation. Pursuant to Fed.R.Civ.P. 26(e)(1), Lipian should have supplemented his deposition but because he has failed to do so, his testimony is subject to sanction under Fed.R.Civ.P. 37.

Federal Rule of Civil Procedure 37(c) provides the following:

> (1) A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1)[ ] ... is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after an opportunity to be heard, may impose other appropriate sanctions....

(brackets and ellipses added). The Sixth Circuit has noted that Rule 37(c)(1) requires that the trial court sanction a party for discovery rules violations in connection with Rule 26(a) unless the violations were harmless or were substantially justified. *Sexton v. Uniroyal Chemical Co., Inc.*, 62 Fed. Appx. 615, 616 n. 1 (6th Cir.2003) (and cases cited). Precluding the witness from testify-ing may be an appropriate sanction. *See id.* (citing *Salgado v. General Motors Corp.*, 150 F.3d 735, 742 n. 6 (7th Cir.1998)) (holding that Rule 37(c) puts teeth into Rule 26 and that "the district court acted well within its discretion when it decided to impose the sanction of precluding the witness from testifying" since "the sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless").

This case is set for a final pretrial conference on Monday, November 3, 2003 and for trial beginning Tuesday, November 18, 2003. Lipian will be precluded from testifying as to the SLAM program because he has failed to provide the equations to Plaintiff. Admitting the SLAM testimony is not harmless because, at this late juncture, Plaintiff will not be able to sufficiently evaluate Lipian's methodology or the reliability of speed/energy dissipated in the motor vehicle accident because he is not privy to the equations SLAM used or Lipian will use at trial. Moreover, Defendants fail to explain why Lipian has not supplemented his deposition testimony-even after Lipian swore in an affidavit that he would make such a submission to Plaintiff and/or the Court on September 2, 2003. Allowing Lipian to testify regarding his (or SLAM's) calculations as to the speed/energy dissipated at the time of the motor vehicle accident without providing the equations within a reasonable time before trial is unfair to Plaintiff. *See Trepel v. Roadway Express, Inc.*, 40 Fed.Appx. 104, 111 (6th Cir.2002) (citing *Licciardi v. TIG Ins. Group*, 140 F.3d 357, 363 (1st Cir.1998)) ("Rule 26 is designed in part to eliminate unfair surprise").

## VI. CONCLUSION

For the reasons stated above, the Court grants in part Plaintiff's Motion to Preclude Testimony of Defendants' Accident Reconstruction Expert Henry Lipian.

**IT IS SO ORDERED.**